IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 15-cv-02444-GPG

ENRIQUE VILLALOBOS,

    Applicant,

v.

DDC-DCJ,

    Respondent.

---

ORDER DIRECTING APPLICANT TO AMEND AND
GRANTING LEAVE TO PROCEED *IN FORMA PAUPERIS*

---

    Applicant, Enrique Villalobos, is a prisoner in the custody of the Denver County Jail. He has filed *pro se* an Application for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 (ECF No. 1). He has been granted leave to proceed in forma pauperis. (ECF No. 4).

    The Court must construe Mr. Villalobos's habeas corpus application liberally because he is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not be an advocate for a *pro se* litigant. *See Hall*, 935 F.2d at 1110. For the reasons stated below, Mr. Villalobos will be ordered to file an amended pleading.

    Mr. Villalobos alleges that he has been placed in ad-seg or solitary confinement every time he has been locked up for a total of 4.5 years, which has caused him suffering and mental health issues. He seeks damages.

Mr. Villalobos appears to be asserting civil rights claims pursuant to 42 U.S.C. § 1983, based on the conditions of his confinement, which are not properly raised in a habeas corpus action.

"The essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and . . . the traditional function of the writ is to secure release from illegal custody." *See Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973); *see also McIntosh v. United States Parole Comm'n*, 115 F.3d 809, 811 (10th Cir. 1997) ("Petitions under § 2241 are used to attack the execution of a sentence, . . . [while] § 2254 habeas and § 2255 proceedings, . . . are used to collaterally attack the validity of a conviction and sentence."); *Palma-Salazar v. Davis*, 677 F.3d 1031, 1035 (10th Cir. 2012) (discussing distinction between habeas corpus claims pursuant to § 2241 and conditions of confinement claims raised in civil rights actions). "It is well-settled that prisoners who wish to challenge only the conditions of their confinement, as opposed to its fact or duration, must do so through civil rights lawsuits filed pursuant to 42 U.S.C. § 1983 or *Bivens [v. Six Unknown Named Agents*, 403 U.S. 388 (1971),] . . . – not through federal habeas proceedings." *Standifer v. Ledezma*, 653 F.3d 1276, 1280 (10th Cir. 2011).

In any event, Mr. Villalobos has not asserted any claims to attack the execution of his sentence. The Court is aware that Mr. Villalobos has also filed an Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254 (*see* 15-cv-2445) and a Prisoner Complaint (*see* 15-cv-2443) that assert identical claims as those in this action. If he wishes to proceed in the instant action, he must state claims that attack the execution of his sentence and request appropriate habeas corpus relief. If, instead, Mr. Villalobos

wishes to proceed with a civil rights action, he should inform the court and pursue his claims in his separate action civil rights action, 15-cv-2443.

Accordingly, it is

ORDERED that Applicant, Enrique Villalobos, file an amended application as directed within thirty (30) days from the date of this order that complies with the directives of this order.  Any papers that Applicant files in response to this order must include the civil action number on this order.  It is

FURTHER ORDERED that Applicant shall obtain the appropriate Court-approved form for filing an Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 (with the assistance of his case manager or the facility's legal assistant), along with the applicable instructions, at www.cod.uscourts.gov, and use that form in filing the amended application.  It is

FURTHER ORDERED that, if Mr. Villalobos fails to file an amended habeas corpus application as directed within thirty days from the date of this order, the habeas corpus application may be denied and the action dismissed without prejudice and without further notice.  It is

DATED November 20, 2015, at Denver, Colorado.

BY THE COURT:

Gordon P. Gallagher
United States Magistrate Judge