IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 15-cv-02444-GPG

ENRIQUE VILLALOBOS,

    Applicant,

v.

DDC-DCJ,

    Respondent.

---

ORDER OF DISMISSAL

---

Applicant, Enrique Villalobos, is a prisoner in the custody of the Denver County Jail ("DCJ"). He has filed *pro se* an Application for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 (ECF No. 1). He has been granted leave to proceed *in forma pauperis*. (ECF No. 4).

The Court must construe Mr. Villalobos's habeas corpus application liberally because he is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not be an advocate for a *pro se* litigant. *See Hall*, 935 F.2d at 1110. For the reasons stated below, the application will be dismissed.

On November 20, 2015, Magistrate Judge Gordon P. Gallagher reviewed the submitted documents and determined that they were deficient because Applicant's allegations challenged the conditions of his confinement, rather than the execution of his sentence. (ECF No. 5). It is well established in the Tenth Circuit that a habeas corpus application is an improper vehicle for a prisoner to challenge the conditions of

his confinement. *See McIntosh v. United States Parole Comm'n*, 115 F.3d 809, 811-12 (10th Cir. 1997). "The essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and . . . the traditional function of the writ is to secure release from illegal custody." *See Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973). Generally, a state prisoner's challenge to his conditions of confinement is cognizable under 42 U.S.C. § 1983. *Id.*

In the application, Mr. Villalobos alleges that he has been placed in ad-seg or solitary confinement every time he has been locked up at the DCJ, for a total of 4.5 years, which has caused him suffering and mental health issues. He seeks damages. Such a claim challenges the condition of his confinement, not the execution of his sentence.

In his November 20 Order, Magistrate Judge Gallagher noted that Applicant had also filed an Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254 (*see* 15-cv-2445) and a Prisoner Complaint (*see* 15-cv-2443) that assert identical claims as those in this action. Therefore, Magistrate Judge Gallagher directed Mr. Villalobos that if he wished to proceed in the instant action, he must state claims that attack the execution of his sentence and request appropriate habeas corpus relief. Magistrate Judge Gallagher instructed Mr. Villalobos that if wished to proceed with a civil rights action challenging the conditions of his confinement, he should inform the court and pursue his claims in his separate action civil rights action, 15-cv-2443. Magistrate Judge Gallagher warned Applicant that failure to comply with the November 20 Order would result in dismissal of this action without further notice.

On December 11, 2015, Mr. Villalobos filed an amended § 2241 application. (ECF No. 6). However, the application raises the same claim as his previous application, which challenges the conditions of his confinement. As such, Mr. Villalobos has failed to comply with the November 20, 2015 Order. Accordingly, the Court will dismiss this action because Mr. Villalobos's allegations are not cognizable in a habeas corpus proceeding.

Accordingly, it is

ORDERED that the Amended Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 (ECF No. 6), filed by Applicant, Enrique Villalobos, on December 11, 2015, is DENIED and this action is DISMISSED. It is

FURTHER ORDERED that leave to proceed *in forma pauperis* on appeal is denied for the purpose of appeal. The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith. *See Coppedge v. United States*, 369 U.S. 438 (1962). If Mr. Villalobos files a notice of appeal he must also pay the full $505 appellate filing fee or file a motion to proceed *in forma pauperis* in the United States Court of Appeals for the Tenth Circuit within thirty days in accordance with Fed. R. App. P. 24.

DATED at Denver, Colorado, this  21st  day of   December  , 2015.

BY THE COURT:

   s/Lewis T. Babcock
LEWIS T. BABCOCK, Senior Judge
United States District Court